UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JENNIFER LUKAS AND JOYCE WATTERS,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED BEHAVIORAL HEALTH AND IBM MEDICAL AND DENTAL EMPLOYEE WELFARE BENEFIT PLANS,<br><br>        Defendants.<br>_____/ | NO. CIV. 2:09-2423 WBS DAD<br><br><u>ORDER RE: COSTS</u> |

----oo0oo----

On April 15, 2011, the court entered final judgment in this case in favor of defendants. (Docket No. 58.) Defendants submitted a cost bill totaling $727.20, (Docket No. 60), to which plaintiffs have not filed any objections.[1]

---

[1] Plaintiffs filed a Notice of Appeal of the final judgment. (<u>See</u> Docket No. 61.) The court retains jurisdiction to tax costs following the filing of a Notice of Appeal. <u>See</u>

1

1          Rule 54(d)(1) of the Federal Rules of Civil Procedure
2 and Local Rule 292 govern the taxation of costs to losing
3 parties, which are generally subject to limits set under 28
4 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);
5 Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules,
6 or a court order provides otherwise, costs--other than attorney's
7 fees--should be allowed to the prevailing party."); Local R.
8 292(f); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,
9 441 (1987) (limiting taxable costs to those enumerated in §
10 1920).
11          The court exercises its discretion in determining
12 whether to allow certain costs.  See Amarel v. Connell, 102 F.3d
13 1494, 1523 (9th Cir. 1996) (holding that the district court has
14 discretion to determine what constitutes a taxable cost within
15 the meaning of § 1920); Alflex Corp. v. Underwriters Labs., Inc.,
16 914 F.2d 175, 177 (9th Cir. 1990) (same).  The losing party has
17 the burden of overcoming the presumption in favor of awarding
18 costs to the prevailing party.  See Russian River Watershed Prot.
19 Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998)
20 (noting that the presumption "may only be overcome by pointing to
21 some impropriety on the part of the prevailing party"); Amarel,
22 102 F.3d at 1523; see also Local R. 292(d) ("If no objection is

---

Scottsdale Ins. Co. v. Sullivan Props., Inc., CIV No. 04-00550, 2007 WL 4390665, at *1 (D. Haw. Dec. 17, 2007) (adopting special master's report); see also Riggs v. Valley Forge Ins. Co., Inc., Civil No. 08-03058, 2010 WL 2228569, at *3 (W.D. Ark. June 1, 2010) ("[C]ourts have held that, when an award of costs are not the subject of the appeal, a district court may tax costs pursuant to Rule 54 after a notice of appeal has been filed.") (citing cases); Lamonica v. Safe Hurricane Shutters, Inc., No. 07-61295, 2009 WL 806587, at *1 (S.D. Fla. Mar. 19, 2009).

filed, the Clerk shall proceed to tax and enter costs.").

Plaintiffs have not filed any objections. After reviewing the bill of costs, the court finds the following costs to be reasonable:

| | |
|---|---|
| Fees of the Clerk: | $39.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: | $34.20 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: | $654.00 |
| **Total** | **$727.20** |

Accordingly, costs of **$727.20** will be allowed.

IT IS SO ORDERED.

DATED: May 25, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE